LEWIS H. SMITH, CONTESTANT AND RESPONDENT, v. JOHN P. ASHMEAD, INCUMBENT AND APPELLANT.

Argued June 5, 1906—Decided February 25, 1907.

By force of the statutes regulating the matter of the representation of boroughs in the boards of chosen freeholders of the several counties of this state, a borough having a population of less than three thousand is, for the purpose of such representation, to be considered as a part of the township out of which it has been created, and a resident of such a borough is eligible to nomination and election as a member of the board of freeholders for the township of which, for the purpose of representation in the board, it forms a part.

---

Appeal from judgment of the Atlantic Circuit Court in matter of contested election.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the contestant and respondent, *George A. Bourgeois.*

For the incumbent and appellant, *Frederick J. Faulks.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The parties to this proceeding were candidates for the office of member of the board of freeholders of the county of Atlantic, from the township of Egg Harbor, at the general election held on November 7th, 1905. Ashmead received a majority of the votes cast and was declared duly elected by the board of county canvassers. Smith thereupon filed a petition in the Circuit Court of Atlantic county, under the one hundred and sixty-second section of the Election law (*Pamph. L.* 1898, *p.* 312), challenging Ashmead's right to hold the office, and praying the court to adjudge that he (Smith) and not Ashmead was duly elected to it. The reasons for the contest set forth in the petition are:

*First.* For the reason that the will of the voters of Egg Harbor township, in so far as the same regards and pertains to the election of a chosen freeholder on said·7th day of November, 1905, was thwarted, and not fairly registered by reason of the refusal of said county clerk to place the name of Lewis H. Smith, contestant, upon said Republican ticket.

*Second.* For the reason that the county clerk of Atlantic county neglected and failed to place the name of Lewis H. Smith, contestant, upon the Republican ticket as candidate for chosen freeholder, to be voted in the boroughs of Linwood, Pleasantville and Long Port, in the county of Atlantic aforesaid.

*Third.* For the reason that the incumbent was not eligible to the office of chosen freeholder of said township of Egg Harbor at the time of the election.

*Fourth.* For the reason that illegal votes have been received, and legal votes rejected at the polls, sufficient to change·the result.

*Fifth.* Because of errors in the board of canvassers in counting the vote and declaring the vote of the election, which errors are sufficient to change the results of said election.

On the trial of the cause it was considered by the Circuit Court that, on the proofs submitted, the contestant, Smith, was duly elected to the office of freeholder, and judgment was rendered in his favor, and against Ashmead. From that judgment the latter appeals.

A reference to the one hundred and sixty-third section of the Election law, which specifies the grounds upon which the candidate for an office may contest ·the election of his opponent, by the proceeding provided in the one hundred and sixty-second section, discloses that some of the matters specified in the contestant's petition, although proper to be raised in a proceeding by *quo warranto,* are not cognizable by the Circuit Court in a proceeding of this character. The statute limits the grounds upon which an election may be contested in that court to seven, viz.: *First,* malconduct, fraud or corruption on the part of members of any board of election, or any member of the board of county canvassers, sufficient to

change the result; *second,* when the incumbent was not eligible to the office at the time of the election; *third,* when the incumbent had been duly convicted, before such election, of any crime which would render him incompetent to exercise the right of suffrage, and had not been pardoned at the time of the election; *fourth,* when the incumbent has given or offered to any elector, or any member of a board of election, clerk or canvasser, any bribe or reward for the purpose of procuring his election; *fifth,* when illegal votes have been received, or legal votes rejected, at the polls, sufficient to change the result; *sixth,* for any error in any board of canvassers in counting the votes, or declaring the result of the election, if such error would change the result; *seventh,* for any other cause which shows that another was the person legally elected. The statute further provides that when the contest is based upon the reception of illegal votes, or the rejection of legal ones, the names of the persons who so voted, or whose votes were rejected, with the election district where they voted, or offered to vote, shall be set forth in the petition, if known. *Pamph. L.* 1898, *pp.* 312, 313. The third, fourth and fifth reasons set out in the contestant's petition are within the statute; the first and second are not. The fourth and fifth reasons, however, must be considered as having been abandoned at the trial by the contestant, unless the argument of counsel is accepted in place of proof of the facts alleged. No attempt was made to prove that a single person, whether known or unknown by name, either cast an illegal vote, or was refused an opportunity to deposit a legal ballot, in any voting precinct of Egg Harbor township, much less that sufficient illegal votes were received, or legal votes rejected, to change the result of the election. Nor was any evidence introduced to show the occurrence of any error in the board of canvassers in counting the votes or declaring the result of the election.

The third reason set out in the contestant's petition, namely, that the incumbent, Ashmead, was not eligible to the office of chosen freeholder of the township of Egg Harbor at the time the election was held, is rested upon the fact that he was at the time a resident of the borough of Pleasantville, which had

previously been set off from the territory of Egg Harbor township. The contention of the contestant, and the ground upon which he prevailed in the Circuit Court, is that the provision of the first section of the act of April 16th, 1846, entitled "An act relative to offices, commissions and resignations"—as amended April 12th, 1876—which requires every person holding an office, the authority and duties of which relate to a township, to reside in such township (*Gen. Stat., p.* 3141), renders a citizen of the borough of Pleasantville ineligible to the office of chosen freeholder for the township of Egg Harbor.

It appears from the proofs in the cause that the borough of Pleasantville was formed from the township of Egg Harbor in the year 1889, under the provisions of the Borough act of 1878. At the time of its formation boroughs having a population of three thousand or more were entitled to elect a representative to the county board of chosen freeholders. *Pamph. L.* 1887, *p.* 140. In 1891, however, this act was repealed, all borough representation in the county board was abolished, and chosen freeholders were expressly required to be elected "for the whole of the township, including the borough situate therein." *Pamph. L.* 1891, *p.* 121, § 1. The result of this latter statute was to restore the situation which existed prior to 1887, that is, to reconstruct the borough, and the township out of which it had been carved, into a single political district of the county, for the purpose of electing a member of the board of freeholders, and to constitute the member, when elected, the representative of all of the people of that district. This, it seems to us, is the plain import of the language used; but the purpose of the enactment is made certain by the supplement to the Borough act, passed March 7th, 1893, which declares (section 2) that, at the annual elections for borough officers, the voters "shall not only be entitled to vote for such officers, but shall also be entitled to vote for a chosen freeholder for any township in which such borough is situated *and of which it forms a part.*" *Pamph. L.* 1893, *p.* 101.

In the year 1895 representation in the county board of freeholders was again conferred upon boroughs having a population of more than two thousand five hundred. *Pamph. L.*

1895, *p.* 210, § 5. Boroughs having a less number of inhabit-
ants were not referred to in the act, and consequently were
left, by necessary implication, to the representation provided
by the act of 1891. By the second section of the revision of
the Borough act of 1897, the legislature, following the statute
of 1887, enacted that only boroughs having a population of
three thousand or more should elect a member of the board of
chosen freeholders. *Pamph. L.* 1897, *p.* 285. By the sixth
section of this act it is provided that the legal voters of each
borough having a population of less than three thousand shall
be entitled to vote within such borough "for the chosen free-
holder for the township out of which said borough has been
formed;" and it is contended by counsel, and seems to have
been considered by the Circuit Court, that the form of ex-
pression found in this section, varying as it does from that
contained in the act of 1891, indicates that the legislature
intended to, and did thereby, abolish the scheme of representa-
tion in the county board which had been provided by the prior
act, for townships which included within their territorial
limits boroughs not having a population sufficient to entitle
them to separate representation, and create a new scheme, the
effect of which was to deprive the citizens of boroughs of the
described class of the right to be represented in the county
board by a person of their own selection. So construed the
statute denies to citizens of this class of municipalities repre-
sentation in a body which is clothed with the power of taxa-
tion throughout the county of which they are residents. The
palpable injustice of such legislation, the fact that it violates
one of the basic principles upon which a Republican form of
government rests, namely, that taxation without representa-
tion shall not be permitted, demonstrate the unsoundness of a
construction which attributes such a purpose to the legisla-
ture. The scheme created by the act of 1891 remains un-
altered by the act of 1897, except so far as it is changed by
section 2. Its effect is to constitute the inhabitants of bor-
oughs of the class to which Pleasantville belongs, residents of
the township in which such boroughs are respectively situated,
for the purpose of electing a member of the board of free-

holders for that township. Ashmead, the incumbent, there-
fore, was eligible to the office of chosen freeholder for the
township of Egg Harbor at the time of his election; and the
judgment of the Circuit Court unseating him and installing
the contestant in his place must be reversed.